**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 37**

Docket No. NY-3443-14-0380-I-1

**Ilan Fouks,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

May 22, 2015

Ilan Fouks, Montclair, New Jersey, pro se.

Christopher P. Richins, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his reduction in pay and grade for lack of jurisdiction. For the reasons set forth below, we GRANT the petition for review and REMAND the appeal to the field office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2     The agency selected the appellant for a Supervisory General Engineer position with the Hudson Valley Healthcare System. Initial Appeal File (IAF), Tab 6, Subtab 6 at 1. The appellant was a Supervisory General Engineer with the

New York Harbor Healthcare System when he applied for this position. IAF, Tab 9 at 10. The agency states that the appellant was a General Schedule (GS) 13, step 6 at the time of his selection. *Id.* The appellant disagrees and states that he actually was a GS-14, step 2 at the time of his selection. IAF, Tab 1 at 5. The vacancy announcement stated that the position was at the GS-12 grade level with pay ranging from $77,585 to $100,859. IAF, Tab 6, Subtab 4.

¶3 The agency appointed the appellant, effective September 22, 2013, at the GS-13, step 8 level. *Id.*, Subtab 8 at 1. On May 13, 2014, the agency notified the appellant that an error had been made in setting his grade and pay and that he had only been entitled to be paid at the GS-12, step 10 level beginning September 22, 2013. *Id.* The agency stated that it would make corrections effecting all personnel actions retroactive to September 22, 2013, to reflect his proper grade and step. *Id.* The appellant submitted a letter of resignation on May 14, 2014. *Id.*, Subtabs 9-10. The appellant transferred to the New York Harbor Healthcare System effective May 17, 2014, at the GS-12, step 10 level. *Id.*, Subtab 10. On May 31, 2014, the Defense Finance and Accounting Service notified the appellant that it would collect overpayments made to him between December 28, 2013, and May 3, 2014. *Id.*, Subtab 11. The appellant filed a petition for hearing, challenging the validity of this debt collection. *Id.*, Subtab 13. There is no evidence in the record regarding the outcome of this proceeding.

¶4 On September 11, 2014, the appellant filed a Board appeal and requested a hearing concerning the reduction in his pay and grade. IAF, Tab 1. After giving both parties an opportunity to file evidence and arguments regarding jurisdiction, the administrative judge issued an initial decision, without holding a hearing, finding that the Board lacks jurisdiction over this appeal because the reduction in the appellant's grade and pay was to correct a rate of pay that was set contrary to law or regulation. IAF, Tab 11, Initial Decision (ID) at 5-6.

¶5        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition, to which the appellant has replied.  PFR File, Tabs 3-4.

## ANALYSIS

### The appellant's reduction in grade claim is not excluded from the Board's jurisdiction under 5 C.F.R. § 752.401(b)(15).

¶6        The agency claims that it demoted the appellant from GS-13, step 8 to GS-12, step 10 after it concluded that it had erred in setting his grade when he began working in a new position effective September 22, 2013, following a competitive selection process for a position that was advertised and graded at the GS-12 level.  IAF, Tab 6, Subtab 8.  As relevant here, 5 U.S.C. chapter 75 establishes a process, including Board appeal rights, that generally applies when qualified federal employees are subjected to certain actions, including a "reduction in grade" or a "reduction in pay."  5 U.S.C. §§ 7512, 7513(d).  The agency argues, and the administrative judge found, that the appellant's demotion cannot be reviewed by the Board based on 5 C.F.R. § 752.401(b)(15), which provides that the adverse action appeal process under 5 U.S.C. chapter 75 does not apply to the "[r]eduction of an employee's rate of basic pay from a rate that is contrary to law or regulation."  PFR File, Tab 3 at 8-9; ID at 5.  For the following reasons, we find that the agency's action was more than just a correction to the appellant's rate of basic pay within the meaning of 5 C.F.R. § 752.401(b)(15). *See Simmons v. Department of Housing & Human Development*, 120 M.S.P.R. 489, ¶ 5 (2014).

¶7        The agency argues that the appellant was "demoted" within the meaning of 5 C.F.R. § 531.203 when he accepted the GS-12 position.  IAF, Tab 9 at 5; PFR File, Tab 3 at 5.  That regulation, contained in the part of the Office of Personnel Management's (OPM's) regulations concerning pay under the GS scale, defines a demotion as a change from one GS grade to a lower GS grade, while continuously employed, with or without a reduction in pay.  5 C.F.R. § 531.203.  Thus, that

definition notes a distinction between "grade" and "pay" and recognizes that a change in one does not necessarily require a change in the other. The adverse action procedures established in 5 U.S.C. chapter 75 similarly differentiate between a "reduction in pay" and a "reduction in grade."[1] 5 U.S.C. § 7512. Under chapter 75, "grade" is defined as "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3). It is noteworthy that this definition does not include any explicit reference to pay. The statute separately defines "pay" as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). We find that the statutory language clearly provides that chapter 75 may apply when there has been either a reduction in grade or a reduction in pay.

¶8      Here, the agency's action was undeniably a reduction in grade for the appellant. He was reduced from a GS-13 to a GS-12 because the agency determined he could not retain the higher grade while appointed to the new GS-12 position. IAF, Tab 6, Subtab 8, Tab 9 at 10. Although he also received a corresponding reduction in his pay, that reduction was consequential to the reduction in grade. There is no general statutory or regulatory exclusion from the chapter 75 process for reductions in grade intended to correct an "administrative error," as the agency characterizes its error in this case. *See* IAF, Tab 9 at 7; PFR File, Tab 3 at 9. The exclusion contained in 5 C.F.R. § 752.401(b)(15) is specific to a reduction in an employee's "rate of basic pay" only, and we do not find a valid basis for extending it to the circumstances of the appellant's reduction in grade, particularly given the statutory and regulatory distinctions between "grade" and "pay" discussed above.[2] The Board has recognized an exception

---

[1] The more general term, "demotion," does not appear in 5 U.S.C. chapter 75, subchapter II.

[2] The exclusion might have applied had the agency reduced the appellant's rate of basic pay to a rate equivalent to the GS-12, step 10 level, without a reduction in grade, and it

from chapter 75 for a reduction in grade resulting from the merits of a classification decision. *See, e.g.*, *Quinlan v. Department of Homeland Security*, 118 M.S.P.R. 362, ¶ 9 (2012). But, in this appeal, it appears that the appellant's position was at all times correctly classified at a GS-12 grade, and thus that exception would not apply. *See* IAF, Tab 6, Subtab 5. Therefore, we conclude that 5 C.F.R. § 752.401(b)(15) does not preclude the application of chapter 75 to the appellant's reduction in grade.[3][4]

<u>The appellant has made a nonfrivolous allegation that his demotion was involuntary based on agency-supplied misinformation.</u>

¶9    The facts of this appeal present another issue regarding whether the appellant has been subjected to an appealable reduction in grade. Specifically, the appellant applied for a position that was advertised as only a GS-12 position, and there is evidence in the record suggesting that he may have voluntarily

---

was only the appellant's rate of basic pay that was contrary to law or regulation. According to OPM's pay tables, GS-13, steps 1, 2, and 3 had salary rates lower than GS-12, step 10 in the appellant's locality pay area for fiscal year 2013. *See* IAF, Tab 9 at 13.

[3] The administrative judge relied on *Gessert v. Department of the Treasury*, 113 M.S.P.R. 329 (2010), *aff'd sub nom. Gessert v. Merit Systems Protection Board*, No. 2010-3115, 2011 WL 463094 (Fed. Cir. Feb. 10, 2011), in concluding that the Board lacks jurisdiction over this appeal. ID at 5-6. *Gessert*, however, is distinguishable, and we decline to follow it in this circumstance. The appellant in *Gessert* received notice and an opportunity to respond prior to the agency action. *Gessert*, 113 M.S.P.R. 329, ¶ 4. There was little discussion in *Gessert* of the jurisdictional aspects of the appeal. In contrast in this appeal, the agency did not afford the appellant notice and an opportunity to respond prior to his demotion, and thus the jurisdictional question is the central question. *See Simmons*, 120 M.S.P.R. 489, ¶ 7.

[4] We have considered the appellant's arguments on review that his appointment at the GS-13 level was not an administrative error because the Standard Form 50 documenting his demotion also documents his conversion to a career appointment, a number of agency officials approved his grade, and the error came to management's attention via an equal employment opportunity complaint. PFR File, Tab 1 at 4-5. We have considered these arguments but find that they are immaterial to the issue of the Board's jurisdiction.

sought and would have accepted the position even if it had been offered to him at the GS-12, step 10 level. IAF, Tab 6, Subtab 6. Generally, a reduction in grade that an employee accepts voluntarily is not within the Board's jurisdiction. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010); *see Elmore v. Department of Transportation*, 421 F.3d 1339, 1344 (Fed. Cir. 2005). However, a reduction in grade will be considered involuntary, and an appealable adverse action, if the employee reasonably and materially relied on agency-supplied misinformation to his detriment, based on an objective evaluation of the surrounding circumstances. *Herrin v. Department of the Air Force*, 95 M.S.P.R. 536, ¶ 10 (2004). This is true even though the agency, in providing the misinformation, did not intend to mislead the employee. *Id.* Based on the current record, it is unclear whether the appellant voluntarily accepted a reduction in grade.

¶10 The agency admits that it supplied the appellant with misinformation regarding the grade of the position, appointed him as a GS-13, step 8, and subsequently reduced his grade to GS-12, step 10. *See* IAF, Tab 6, Subtab 8 at 1, Tab 9 at 10. The appellant alleges that he was offered a higher grade after negotiating with the agency and that he accepted this offer in "good faith." IAF, Tab 1 at 5. The record also contains the appellant's statement that "the sole reason [he] took the position was the offer of the grade 13-8." IAF, Tab 6, Subtab 13 at 7. We find that the appellant has made a nonfrivolous allegation that his reduction in grade was involuntary because he relied to his detriment on agency-supplied misinformation. *See Paszek v. Department of Defense*, 50 M.S.P.R. 534, 538-39 (1991) (finding that the appellant's reduction in grade was covered by 5 U.S.C. chapter 75 based on misinformation about the corresponding rate of pay, even though the agency's correction of the rate of pay was not itself a covered action); *see also Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (once an appellant makes nonfrivolous allegations that, if proven, would establish the Board's jurisdiction,

then the appellant has the right to a jurisdictional hearing); *Ferdon v. U.S. Postal Service*, [60 M.S.P.R. 325](), 329 (1994) (in determining whether the appellant has made a nonfrivolous allegation of jurisdiction, the Board may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive).  On remand, the administrative judge should provide notice to the parties of the jurisdictional requirements for an involuntary reduction in grade claim and an opportunity to present evidence and arguments concerning whether the appellant reasonably relied on the misinformation provided by the agency to his detriment.  *See, e.g.*, *Herrin*, [95 M.S.P.R. 536](), ¶ 10.  The appellant requested a hearing, IAF, Tab 1 at 2, and is entitled to a jurisdictional hearing on remand given his nonfrivolous allegation that, if proven, would establish the Board's jurisdiction.

The issues of timeliness and jurisdiction are inextricably intertwined.

¶11      The agency has argued that this appeal should be dismissed as untimely.  IAF, Tab 6, Subtab 1 at 2.  Because of her finding regarding jurisdiction, the administrative judge did not address the timeliness issue.  ID at 1 n.1.  The issues of timeliness and jurisdiction are inextricably intertwined in this appeal; that is, resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action.  *See Wright v. Department of Transportation*, [99 M.S.P.R. 112](), ¶ 13 (2005) (when the voluntariness of the personnel action is in question, jurisdiction and timeliness are inextricably intertwined, and the issue of timeliness cannot be resolved before deciding the jurisdictional issue); *see also Lomax v. Department of Defense*, [78 M.S.P.R. 553](), 560-61 (1998) (stating that, if the agency subjected the appellant to an appealable reduction in pay then it should have advised her of her appeal rights, and its failure to do so could support a finding of good cause for filing her appeal late).  If the administrative judge determines that the Board has jurisdiction over this appeal, then she should

adjudicate the timeliness issue, after providing the appellant with notice of his burden of proof.

## **ORDER**

¶12        For the reasons discusses above, we REMAND this appeal to the field office for further adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


_____

William D. Spencer
Clerk of the Board
Washington, D.C.